IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 15, 2025 at Nashville

**CHRISTOPHER O. CURRY JR. v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-24-170      Joseph T. Howell, Judge**

_____

**No. W2024-01555-CCA-R3-PC**

_____

The Petitioner, Christopher O. Curry, Jr., pleaded guilty to possession of a weapon by a convicted felon, and the trial court sentenced him to twelve years in the Tennessee Department of Correction. More than a year after his judgment became final, the Petitioner filed a *pro se* post-conviction petition, alleging he had received the ineffective assistance of counsel. After a hearing, the post-conviction court dismissed the petition as untimely. On appeal, the Petitioner asserts that due process requires tolling of the statute of limitations. After review, we affirm the post-conviction court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

William J. Milam, Jackson, Tennessee, for the appellant, Christopher O. Curry, Jr.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Jody S. Pickens, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

On October 11, 2022, the Petitioner pleaded guilty to possession of a weapon by a convicted felon, and on December 21, 2022, the trial court entered a judgment sentencing him to twelve years of confinement. No appeal was filed. On June 26, 2024, the Petitioner filed a *pro se* petition for post-conviction relief, alleging that he had received the ineffective assistance of counsel. The State filed a response, asking the post-conviction court to dismiss the petition as untimely.

The post-conviction court held a hearing on the timeliness of the petition. At the hearing, the Petitioner testified that he had been housed at the Trousdale Turner Correction Facility ("Trousdale") for two years. The Petitioner confirmed that he knew that there was a one-year statute of limitation for the filing of post-conviction petitions. The Petitioner explained that during his time at Trousdale "we've been on lockdown more than anything." He contended that the lockdowns prevented him from accessing the law library causing his delayed filing. The Petitioner did not know the exact date that he was allowed access to the library, but he stated that "it [would] have been near" the time he filed the post-conviction petition. He affirmed that the only reason he delayed the filing of the petition was due to lockdowns.

After hearing this evidence, the post-conviction court found that the Petitioner's judgment of conviction was entered in December of 2022, and that the petition was filed in June of 2024, "well, well outside of the one-year statute of limitations." The post-conviction court acknowledged the Petitioner's testimony about law library access but noted that the Petitioner "doesn't even know the date he got to the law library." The post-conviction court found that there were no enumerated exceptions to the statute of limitations offered by the Petitioner and granted the State's motion to dismiss. It is from this judgment that the Petitioner appeals.

## II. Analysis

The Petitioner asserts that he is entitled to an equitable tolling of the post-conviction statute of limitations. The State responds that the Petitioner has failed to show that he is entitled to a due process tolling of the statute of limitations. We agree with the State.

Post-conviction relief is warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C. A. § 40-30-103. The burden in a post-conviction proceeding is on the petitioner to prove the factual allegations in support of his or her grounds for relief by clear and convincing evidence. *Id*. § 40-30-110(f); *Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law, however, are subject to *de novo* review with no presumption of correctness. *Id*. at 457.

Under the Post-Conviction Procedure Act, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date

2

on which the judgment became final, or consideration of the petition shall be barred." T.C.A. § 40-30-102(a).

The post-conviction statute contains a specific anti-tolling provision:

The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

*Id*.

Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered, none of which are applicable here. In addition to the three narrow exceptions listed in the statute, however, principles of due process may allow for the tolling of the statute of limitations in limited circumstances. *See Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000) ("[W]e conclude that while the one-year statute of limitations set forth in Tenn. Code Ann. § 40-30-202(a) does not violate due process on its face, application of the statute must not deny a petitioner a reasonable opportunity to raise a claim in a meaningful time and manner."); *see also Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001); *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992).

A post-conviction petitioner is entitled to due process tolling of the statute of limitations upon a showing "(1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Bush v. State*, 428 S.W.3d 1, 22 (Tenn. 2014) (citing *Whitehead*, 402 S.W.3d 615, 631 (Tenn. 2013)). To pursue one's rights diligently "'does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts [to pursue his or her claim].'" *Id*. (quoting *Whitehead*, 402 S.W.3d at 631). However, due process tolling "'must be reserved for those rare instances where -- due to circumstances external to the party's own conduct-- it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Id*. (quoting *Whitehead*, 402 S.W.3d at 631-32). "The question of whether the post-conviction statute of limitations should be tolled is a mixed question of law and fact that is . . . subject to *de novo* review." *Id*. at 16 (citing *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011)); *Whitehead*, 402 S.W.3d at 621.

3

In the case under submission, no direct appeal was filed and the judgment became final on January 20, 2023, meaning his post-conviction petition had to be filed on or before January 20, 2024, to be timely. The Petitioner filed his petition on June 26, 2024. This filing occurred more than one year after the Petitioner's judgment became final and, thus, was barred by the statute of limitations.

We agree with the State that the Petitioner failed to present sufficient facts to justify due process tolling of the statute of limitations. The Petitioner contends that lockdowns prevented him from accessing the law library. Other than his own testimony, the Petitioner did not provide any dates for the lockdowns, any evidence that he requested and was denied access to the law library, or any explanation for why access to the library prevented his filing an initial post-conviction petition. After reviewing the record and the Petitioner's claims, we conclude that the Petitioner has failed to establish an entitlement to due process tolling of the statute of limitations. Therefore, the post-conviction court properly dismissed the Petitioner's petition.

### III. Conclusion

After a thorough review of the record and relevant authorities, we affirm the post-conviction court's judgment.

_____s/ *ROBERT W. WEDEMEYER*_____
ROBERT W. WEDEMEYER, JUDGE

4